Price, J.
This case is a companion of the one just decided against the plaintiff in error. On the same day (April 4, 1905) that Zeigler obtained his injunction against Palmer, and which we have considered in the preceding case, Palmer filed his petition in the court of common pleas and alleged therein that he was the lawful superintendent of the Richland county infirmary, and that Ziegler was interfering with and obstructing him, Palmer, in the discharge of his duties as such superintendent. Pie asked for an injunction to prevent these acts of interference, and obtained a temporary' restraining order, but on hearing an injunction was refused and his petition dismissed. On appeal to the circuit court the case was there *230 heard on thé merits and the same findings of fact were made as in the preceding case (No. 9752). That court refused an injunction and dismissed his petition. He brings the case here on error.
Believing, as we do, that the infirmary of .Rich-land county needs but one superintendent, and having already found in favor of Zeigler as to that position, it is our “plain duty” to affirm the judgment of the circuit court.

Judgment affirmed.

Shauck, C. T., Crew, Spear and Davis, JJ., concur.